IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


SHEILA WHITTEN and SANDRA WEBB
Individually and as Class Representatives
On Behalf of all Similarly Situated Persons,               PLAINTIFFS

v.                              No. 05-6048

TEXTURED COATINGS OF AMERICA, INC.                          DEFENDANT

## ORDER

Currently before the Court is Plaintiffs' Motion to Remand (Doc. 7) and Defendant's Response (Doc. 12). Plaintiffs dispute the existence of jurisdiction and contend the amount in controversy does not exceed $75,000. (Doc. 7). For the reasons that follow, Plaintiffs' Motion to Remand (Doc. 7) is GRANTED.

Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by congress." *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement is met in one of two ways: (1) the case in question involves a federal question, (2) diversity jurisdiction exists. In a case where the plaintiff's pleadings do not allege a

federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states." 28 U.S.C. § 1332(a). The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005). This rule applies even in a removed case where the party invoking jurisdiction is the defendant. *Id.* In the present case, it is not disputed that diversity of citizenship exists and the only issue is whether the $75,000 statutory minimum is met.

## I.   Procedural History

The Plaintiffs instituted this action in state court on their behalf and for all persons and/or entities who own real property or structures in the United States on which Tex-Cote Classic System (hereinafter "Tex-Cote") manufactured by the Defendant was applied. Tex-Cote is a coating product that comes with a "lifetime" warranty against cracking, peeling, chipping and other defects. Plaintiffs allege that Tex-Cote is defective in numerous ways. Plaintiffs assert claims against Defendant for breach of implied warranty of merchantability, breach of express warranty, strict products liability, marketing defect/failure to warn, unjust enrichment and fraud. Plaintiffs seek to certify the action as a class action and to recover for themselves and the other putative class members money damages, injunctive relief, prejudgment interest, postjudgment interest, reasonable attorneys' fees, costs and any other relief the Court deems just. Plaintiffs are not seeking

punitive damages, or any form of exemplary damages on behalf of themselves or the class. Plaintiffs estimate the cost of removing the Tex-Cote from their homes and replacing it with another coating will be $15,000. In each and every instance the Plaintiff states that they are seeking less than $75,000 total recovery, inclusive of all interests, costs and attorneys' fees.

Defendant removed the action from state court to this Court asserting the existence of diversity jurisdiction under 28 U.S.C. 1332(a) (Doc. 1) and filed a Supplemental Notice of Removal (Doc. 5). Plaintiffs filed a Motion to Remand (Doc. 7) contending that Defendant failed to demonstrate that the amount-in-controversy with respect to any named Plaintiff in this case was satisfied. Defendant in its Response to Plaintiff's Motion to Remand (Doc. 11) states that the jurisdictional amount was satisfied because Plaintiffs seek injunctive relief that will cost Defendant in excess of $75,000 to implement.

## II. Amount in Controversy

Plaintiffs' Complaint states that they seek less than $75,000 total recovery for each Plaintiff and/or Class Member. (Compl. ¶ 48). Plaintiffs state that their damages are an aggregate of restitution, remediation, money damages, injunctive relief, reasonable attorneys' fees, pre- and post-judgment interest, costs and any other relief the Court deems just. (Compl. ¶ 49). Plaintiffs are not seeking punitive damages, or any form of exemplary damages on behalf of themselves or the class. (Compl. ¶ 48(f)). Plaintiffs expressly seek and stipulate to seek less than

$75,000 total recovery, inclusive of all interests and costs, pre-
and post-judgment interest, court costs, and attorneys' fees.
(Compl. ¶ 49). Plaintiffs estimate it would cost $15,000 to remove
the Tex-Cote from their homes and replace it with another coating.
(Compl. ¶ 49).

"As the party seeking removal and opposing remand, [defendant]
has the burden of establishing federal subject matter
jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S.
178, 189, 56 S. Ct. 780, 80 Led. 1135 (1936); *Hatridge v. Aetna
Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *In re
Business Men's Assurance Company of America*, 992, F.2d 181, 183 (8th
Cir. 1993). In a diversity case, where the complaint alleges no
specific amount of damages or an amount under the jurisdictional
minimum, the removing party must prove by a preponderance of the
evidence that the amount in controversy exceeds $75,000. *See In re
Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830,
834 (8th Cir. 2003). Title 28 U.S.C. 1367 permits exercise of
diversity jurisdiction over additional plaintiffs who fail to
satisfy minimum amount-in-controversy requirement, as long as other
elements of diversity jurisdiction are present and at least one
named plaintiff satisfies the amount-in-controversy requirement.
*Exxon Mobil Corp. v. Allapattah Services, Inc., et al.*, 125 S.Ct.
2611, 2615, 162 L.Ed.2d 502 (2005)

Plaintiffs seek an injunction requiring Defendant to inform
consumers that no "lifetime warranty" truly exists, that the
product will crack, peel and fail on any surface after a period of

time, that the use of Tex-Cote on wood will cause the product to delaminate from wood, and that Tex-Cote will not prevent mildew as advertised. (Compl. ¶ 47). Defendant contends the injunction would require Defendant to create and implement a means of identifying old and new customers to whom the injunction would apply and to communicate information to those old and new customers. Defendant argues the cost of the injunction would be in excess of $75,000, regardless of whether a class is certified and regardless of the size of any such class. (Doc. 5). Defendant further alleges that removal, remediation, and replacement of the siding of some potential class members would exceed $75,000, since the cost of removing or installing the siding on any particular structure depends upon its square footage. (Doc. 5).

Defendant argues that the amount in controversy should include the cost to the defendant of injunctive relief. We disagree for Eighth Circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount. *Smith v. Amer. States Pref. Ins. Co.*, 249 F.3d 812, 813 (8th Cir. 2001).[1] The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced. *See Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). The value of the requested

---

[1]In *Smith*, the Defendant alleged the district court's reliance on the single plaintiff perspective in determining the amount in controversy, rather than considering the defendant's calculation of the amount in controversy, was discriminatory and in violation of due process and equal protection rights. The court stated it was not a violation of Defendant's rights and was in accordance with the law of this circuit.

injunctive relief from the Plaintiff's perspective does not approach the required jurisdictional minimum. For Plaintiff, the value of the injunction is equal to the intangible benefit of becoming a more informed consumer about the Defendant's product and this value would be well below the requisite $75,000.

## III. Conclusion

Defendant has not met the burden of proof showing an amount in controversy in excess of $75,000. Therefore, this Court does not have subject matter jurisdiction to hear the case.

Title 28 U.S.C. § 1447(c) mandates that a case be remanded to the state court from which it was removed whenever the district court concludes that subject matter jurisdiction, which is based on complete diversity, is nonexistent. Accordingly, Plaintiffs' Motion to Remand (Doc. 7) is hereby GRANTED, and this case is remanded to the Circuit Court of Clark County.

IT IS SO ORDERED this 7th day of October, 2005.


/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge